UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DEAN, #197234,

    Plaintiff,  Case No.: 05-CV-40106-DT

                  HON. PAUL V. GADOLA
vs.                              MAG. JUDGE WALLACE CAPEL, JR.

PATRICIA CARUSO, et. al.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

Plaintiff, Thomas Dean, is a prisoner incarcerated at the Marquette Branch Prison in Marquette, Michigan. He has filed a civil rights action pursuant to 42 U.S.C. § 1983, asserting claims under the American with Disabilities Act, and the Rehabilitation Act. Plaintiff is attempting to bring the case as a class action.

Pending before the Court is "Defendant Caruso's Rule 12(b)(6) and 42 U.S.C. § 1997 e(a) Motion to Dismiss," filed June 14, 2005. Defendant Caruso is the Director of the Michigan Department of Corrections, and the sole Defendant in this case. In her Motion, Defendant advances a number of arguments as to why Plaintiff's Complaint should be dismissed and class certification denied. The Court, however, need not address the merits of the Motion because Plaintiff has failed to exhaust his administrative remedies.

**II.     ANALYSIS**

Plaintiff's Complaint should be dismissed because he failed to exhaust his administrative remedies.

42 U.S.C. § 1997(a) provides:

> (a) Applicability of administrative remedies.
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted.

Under Section 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a Section 1983 action in federal court; Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. Id. at 1104. Before the district court adjudicates any claims set forth on the plaintiffs complaint, the court must determine that the plaintiff has complied with this requirement. Id. Section 1997e(a) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). The prisoner must exhaust his remedies as to all claims arising from his confinement, including excessive force, equal protection, and other constitutional claims. Hartsfield v. Vider, 199 F.3d 305, 308 (6th Cir. 1999); Freeman, 196 F.3d at 643-44. The prisoner must "file a grievance against the person he ultimately seeks to sue." Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001). Not only must the prisoner file a grievance with regard to each defendant, he "must administratively exhaust his claim as to each defendant associated with the claim." Burton v. Jones, 321 F.3d 569, 574 (6th Cir. 2003). In order for a Michigan prisoner to exhaust a claim against a particular defendant, he must have alleged mistreatment or misconduct on the part of the defendant

at Step One of the Michigan Department of Corrections grievance process. Id. at 575. To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his Section 1983 complaint, any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000), cert denied, 531 U.S. 1040, 121 S.Ct. 634 (2000). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome. The action must be dismissed under Section 1997e." Id.

Plaintiff has failed to meet the exhaustion requirements in this case. A review of the documents provided by Plaintiff establishes that he failed to allege any misconduct on the part of the Defendant at Step One or at any Step of the grievance process. His action, therefore, must be dismissed.

Plaintiff's claims against the Defendant would fail, however, even if he could establish that he exhausted his administrative remedies. Plaintiff's claims against the Defendant are based upon her capacity as Director of the Michigan Department of Corrections and not upon personal involvement in any acts of misconduct or mistreatment. Section 1983 liability, however, cannot be imposed under a theory of respondeat superior. Proof of personal involvement is required for a supervisor to incur personal liability. Taylor v. Michigan Department of Corrections, 69 F.3d 76, 80-81 (6th Cir. 1995). Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act. Instead, the liability must be based upon active unconstitutional behavior. See Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir. 1999).

### III.     CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiff's Complaint be **DISMISSED** for failure to exhaust his administrative remedies.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations.  Further, either party may respond to another party's objections within ten days after being served with a copy thereof.  The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

s/Wallace Capel, Jr.<br>
**WALLACE CAPEL, JR.**<br>
**UNITED STATES MAGISTRATE JUDGE**

**Date:**   November 1, 2005

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Christine M. Campbell, Michigan Department of Attorney General, Corrections Division, P.O. Box 30217, Lansing, Michigan 48909.

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Thomas Dean, #197234, Marquette Branch Prison, 1960 U.S. Highway, 41 South, Marquette, Michigan 49855.

s/James P. Peltier
United States District Court
Flint, Michigan 48502
810-341-7850
E-mail: pete_peltier@mied.uscourts.gov